# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GARRY A. BORZYCH,**

    **Petitioner,**

    **v.**                                              **Case No. 18-CV-303**

**BRIAN FOSTER,**

    **Respondent.**

## RECOMMENDATION THAT PETITIONER'S PETITION BE DISMISSED AS AN UNAUTHORIZED SECOND OR SUCCESSIVE PETITION

Garry A. Borzych, who is currently incarcerated at the Waupun Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Borzych has paid the statutory filing fee of $5.00; thus, his petition is ready for screening in accordance with Rule 4 of the Rules Governing § 2254 Cases.

Rule 4 provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

During the initial review of habeas petitions, the court generally reviews whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Borzych raises an issue in his petition that must be addressed at the outset. Borzych acknowledges that this is his second habeas corpus petition filed challenging his 1993 conviction; however, he argues that it is not an unauthorized second or successive petition because his first

petition was dismissed without prejudice. (Docket # 1 at 3-4.) A habeas petitioner seeking relief under 28 U.S.C. § 2254 is entitled to "one 'full and fair opportunity to raise a [federal] collateral attack'" on his conviction and sentence. *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (quoting *O'Connor v. United States*, 133 F.3d 548, 550 (7th Cir. 1998)).[1] Thus, pursuant to 28 U.S.C. § 2244(b)(1), "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Further, "Section 2244(b) requires petitioners to get permission from the courts of appeals before filing second or successive petitions in the district courts." *Altman*, 337 F.3d at 766.

Not every petition counts for purposes of § 2244(b). For example, previous petitions that were dismissed for technical or procedural deficiencies, such as filing in the wrong district or failing to pay the filing fee, are not counted. *Id.* However, a petition that is resolved in a way that satisfies the petitioner's one "full and fair opportunity to raise a federal collateral attack" does count for purposes of determining whether a habeas petition is successive because the petitioner is "incapable of curing the defect underlying the district court's judgment." *Id.* In *Altman*, the habeas petitioner sought permission from the Seventh Circuit Court of Appeals to authorize the district court to consider a successive petition under § 2254. The petitioner's previous habeas petition was dismissed as untimely because it was filed after the one year statute of limitations period for bringing habeas corpus petitions had expired. The court of appeals held:

> [Petitioner] filed his prior petition after the one-year statute of limitations expired, so the district court dismissed it as untimely. [Petitioner] can do nothing to correct his late filing, and if he refiled his petition the district court would again deny it as untimely. He received his one opportunity to litigate a federal collateral attack, but he failed to do it

---

[1] Borzych has filed a motion asking me to consider the *Altman* case. (Docket # 4.) The motion is granted.

>       in a timely manner. His prior petition therefore counts and he needs this court's
>       permission to file another petition.

*Id.*

As the Seventh Circuit stated in *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996), a district court "has no option other than to deny" a successive petition. "From the district court's perspective, it is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Id.*

Again, Borzych argues that his initial habeas petition, filed in 1997, was dismissed without prejudice and thus is not a second or successive petition. Borzych raised this very issue in a habeas petition filed in September 2004. (Eastern District of Wisconsin Case No. 04-CV-858). Judge Callahan, however, found that Borzych's habeas petition was a second or successive petition for purposes of § 2244(b) because any petition filed by Borzych after April 24, 1997 would be untimely filed under the Seventh Circuit's holding in *Newell v. Hanks*, 283 F.3d 827, 832-33 (7th Cir. 2002). (December 13, 2004 Order Granting Motion to Dismiss Habeas Corpus Petition in 04-CV-858).

Judge Callahan's reasoning applies with equal force to Borzych's current habeas petition. Thus, this habeas petition is also a second or successive petition for purposes of § 2244(b). As such, under 28 U.S.C. § 2244(b)(3)(A), Borzych may not file a second or successive application for habeas relief in the district court unless he first seeks and obtains an order from the appropriate court of appeals authorizing the district court to consider the application. It appears that Borzych has sought leave from the Seventh Circuit Court of Appeals multiple times to file a second or successive § 2254 petition, the most recent request being in June 2017. (Docket # 1-1, 1-2, 1-3.) His requests have been

denied. (*Id.*) Because Borzych has not obtained prior permission from the court of appeals, I recommend that this action be dismissed for lack of jurisdiction. *Nuñez*, 96 F.3d at 991.[2]

Any petitioner appealing a district court's ruling dismissing his motion under 28 U.S.C. § 2254 must first secure a certificate of appealability from the district court or the court of appeals. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1). That is true even when a movant is appealing from the dismissal of an unauthorized second or successive motion. *See Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005). Therefore, as required by Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, this Court certifies to the court of appeals that it has concluded jurists of reason would not find it debatable whether this Court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2). Therefore, I recommend that this Court decline to issue a certificate of appealability. Of course, Borzych retains the right to seek a certificate of appealability from the court of appeals. *See* Fed. R. App. P. 22(b).

**NOW, THEREFORE, IT IS ORDERED** that Borzych's motion to consider *Altman v. Benik*, 337 F.3d 764 (7th Cir. 2003) (Docket # 4) is **GRANTED**.

**IT IS FURTHER RECOMMENDED** that this action be **DISMISSED** for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b);

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days

---

[2] Because the respondent has not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of Borzych's petition. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461(7th Cir. 2017).

of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 14th day of March, 2018.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge