# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GARRY A. BORZYCH,

                              Petitioner,                    Case No. 18-CV-303-JPS

v.

BRIAN FOSTER,

                              Respondent.                   **ORDER**

Petitioner Garry A. Borzych has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his conviction and sentence were imposed in violation of the Constitution or federal law. (Docket #1). The matter was assigned to Magistrate Judge Nancy Joseph for disposition. On March 14, 2018, Magistrate Joseph issued a report and recommendation to this Court, recommending that Petitioner's petition be dismissed, and that a certificate of appealability be denied, on the ground that this represents a second or successive petition that cannot be entertained in this Court with prior authorization from the Court of Appeals. (Docket #5); *Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461 (7th Cir. 2017).

Petitioner filed a document styled a "motion for reconsideration" on March 19, 2018, (Docket #6), as well as a supplement a couple of days later, (Docket #7). In these documents, he argues that Magistrate Joseph erred in screening his petition. The Court will, therefore, construe his submissions as an objection to the report and recommendation. The Court

reviews a party's specific written objections to a report and recommendation *de novo*. Fed. R. Civ. P. 72(b)(3).

Petitioner's objections are numerous and fault every judicial officer with whom he has had contact for treating him unfairly. The Court need not catalog those complaints or any others, however, as Petitioner offers no reason to doubt the critical conclusion that his petition is barred as second or successive. Section 2244(b) prohibits a district judge from considering any part of a second or successive habeas petition unless the petitioner has first received authorization from the Court of Appeals to file it. 28 U.S.C. § 2244(b)(3)(A); *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (a district court "has no option other than to deny" a second or successive petition).

Of course, not every habeas petition counts as the first for purposes of Section 2244(b). When the first petition was dismissed for a technical or procedural deficiency, such as being filed in the wrong district, failure to pay the filing fee, failure to exhaust state court remedies, or the like, and there remains time to rectify the error before refiling, it is not counted against the petitioner. *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). But the Court of Appeals has instructed that if the first petition is defective, and there is no way to go back and correct that deficiency, it does indeed count for purposes of making any later petition second or successive. *Id.* In that instance, the petitioner was given one full and fair opportunity to litigate his petition, but failed to do so properly. *Id.* For example, in *Altman*, the petitioner filed his original petition after the statute of limitations expired, which was a defect that could never be cured. *Id.* Thus, that first dismissal counted for purposes of Section 2244(b). *Id.*

Petitioner was convicted in 1993 in Wisconsin state court of armed burglary and first-degree intentional homicide. His direct appeal was dismissed by the Wisconsin Court of Appeals on September 4, 1996 for his failure to file a brief in support of his appeal.

On April 23, 1997, Petitioner filed a joint habeas petition in this Court along with several other prisoners. That petition was dismissed without prejudice because the prisoners failed to raise sufficiently related claims so as to bring them jointly. *Borzych v. Bertrand*, 974 F. Supp. 1220, 1222 (E.D. Wis. 1997). The court refused to allow the petitioners to simply sever their claims into separate petitions, as it "is not the court's province to sever claims that should not have been brought together in the first place." *Id.* at 1224. It dismissed the petition even while it recognized that dismissal without prejudice would effectively end the petitioners' chances at federal habeas review, in light of the fact that April 24, 1997, was the last day on which habeas petitions challenging convictions that became final prior to the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA") could be filed. *Id.*; *Newell v. Hanks*, 283 F.3d 827, 832 (7th Cir. 2002). The court thereafter denied the petitioners a certificate of appealability, *see Borzych v. Bertrand*, 981 F. Supp. 1167, 1170 (E.D. Wis. 1997), as did the Court of Appeals.

Petitioner filed another habeas petition in 2004, but that petition was dismissed as second or successive. *Borzych v. Berge*, 04-CV-858-WEC, Docket #15 (E.D. Wis. 2004). The court there noted that although the first petition was dismissed without prejudice for pleading defects, it was also untimely as a result of the limitations grace period as interpreted in *Newell*. *Id.* at 2–4. The court explained:

> In the instant case, Borzych is incapable of curing the defect found by Judge Gordon to exist in Borzych's first petition. This is because *any* petition filed by Borzych after April 24, 1997 (including this one) would be untimely filed under the Seventh Circuit's holding in [*Newell*].

*Id.* at 4. In other words, Petitioner could never cure the problem with his original petition—bring unrelated joint claims—because that petition was dismissed without prejudice and long after the limitations period had expired.

Petitioner clings to the fact that the dismissal was denominated without prejudice, (Docket #6 at 2), but this is not sufficient to avoid the effect of Section 2244(b). Judge Gordon recognized that his dismissal, though it be without prejudice, would likely subjecting the petitioners to the statute of limitations bar should they try to bring separate petitions later on. This is the key problem that Petitioner can no longer fix. Put differently, Petitioner can never get around the fact that he had a fair chance to bring a proper petition within the limitations period and failed to do so.

Nor does it matter that the dismissal was not itself for untimeliness. True, this is what occurred in *Altman*, but what matters under *Altman* is whether the petitioner had a full and fair opportunity to raise a federal habeas petition, did not do so correctly, and has time left to him to cure any deficiencies. *See Altman*, 337 F.3d at 766. Although Petitioner's failings in the original petition might be characterized as "technical" or "procedural," the point here is that whatever their nature, they can never be rectified within the limitations period, which has already expired. *See id.* ("[W]e do not count previous petitions that were dismissed for technical or procedural deficiencies *that the petitioner can cure before*

*refiling*.") (emphasis added). The 1997 petition therefore counts as a first petition for purposes of Section 2244(b), making the instant petition second or successive. This, in turn, means that the Court cannot consider it unless the Court of Appeals authorizes the same.[1]

This result was unavoidable and unmistakable, despite Petitioner's refusal to accept it. As a consequence, the Court must also accept Magistrate Joseph's recommendation to deny Petitioner a certificate of appealability. A certificate of appealability should not issue where jurists of reason would not find it debatable whether the Court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2). Petitioner may seek a certificate of appealability from the Court of Appeals. *See* Fed. R. App. P. 22(b).

Accordingly,

**IT IS ORDERED** that Petitioner's objections to Magistrate Judge Nancy Joseph's March 14, 2018 report and recommendation (Docket #6, #7) be and the same are hereby **OVERRULED**;

**IT IS FURTHER ORDERED** that Magistrate Judge Nancy Joseph's March 14, 2018 report and recommendation (Docket #5) be and the same is hereby **ADOPTED in full**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** for lack of jurisdiction, as it is a second or successive petition within the meaning of 28 U.S.C. § 2244(b); and

---

[1] To the extent Petitioner makes arguments that the habeas limitations period does not apply to him, or that there are jurisdictional workarounds for the second-or-successive bar, rather than arguing the merits of his claims, the Court has considered them and finds them to be wholly without merit.

**IT IS FURTHER ORDERED** that Petitioner's request for a certificate of appealability (Docket #6, #7) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 26th day of March, 2018.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge