# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GARRY A. BORZYCH,

                Petitioner,

v.

BRIAN FOSTER,

                Respondent.

Case No. 18-CV-303-JPS
7th Cir. Case Nos. 18-1718, 18-1786

**ORDER**

On March 26, 2018, the Court dismissed Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket #8). The Court, reviewing Magistrate Judge Nancy Joseph's report and recommendation on the screening of the petition, agreed with the magistrate that the petition was an unauthorized second or successive petition and therefore could not be entertained in this Court. *Id.* The Court entered judgment in favor of Respondent. (Docket #9). Petitioner filed a notice of appeal on April 2, 2018. (Docket #10).

Petitioner also filed a motion for leave to proceed *in forma pauperis* on appeal. (Docket #17). The Court denied that motion in an order dated April 16, 2018, finding that Petitioner's appeal was not taken in good faith. (Docket #23). Despite lodging a multitude of complaints against this Court and Magistrate Joseph, Petitioner failed to address the key reason that his petition must be dismissed: it is a second or successive petition, barred from consideration unless it receives the Court of Appeals' prior authorization. *Id.* at 2. Because he identified no non-frivolous basis to question the Court's conclusion on this issue, the Court was obliged to deny him leave to proceed *in forma pauperis* on appeal. *Id.* at 2–3.

On April 23, 2018, Petitioner filed a motion requesting reconsideration of that decision. (Docket #24). Although he cites no authority supporting his motion, two rules allow a court to revisit a final judgment in civil cases. First, Rule 59(e) empowers a court to alter or amend a judgment on motion by a party. Fed. R. Civ. P. 59(e). The party seeking relief under this Rule must establish "a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Whether to grant a motion to amend a judgment "is entrusted to the sound judgment of the district court," *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996), but the movant must first "clearly establish" his right to relief, *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001).

As another branch of this Court has noted, a "manifest error of law" must be "egregious" to warrant relief under this Rule. *Stelter v. Meli*, Case No. 14–cv–904–pp, 2017 WL 663546, at *1 (E.D. Wis. Feb. 17, 2017). "Appeal, not reconsideration, is the time to deal with the majority of legal errors," and so only "manifest errors. . .so obvious that no additional explanation is needed or possible" are proper subjects of a Rule 59 motion. *Burney v. Thorn Ams., Inc.*, 970 F. Supp. 668, 671 (E.D. Wis. 1997). Such error "is not demonstrated by the disappointment of the losing party" but instead "the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

Similarly, Rule 60(b) allows the Court to vacate a judgment based on, *inter alia*, excusable neglect, newly discovered evidence, fraud by a party, satisfaction of the judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is an "extraordinary remedy and is

granted only in exceptional circumstances." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010). The Court's determination is constrained only by its sound discretion. *Venson v. Altamirano*, 749 F.3d 641, 656 (7th Cir. 2014).

Neither Rule affords Petitioner any relief here. Petitioner does little more than express his disappointment at his motion being denied. This is not a proper basis for reconsideration. Rules 59(e) and 60(b) do not exist to afford the losing party a second bite at the apple. *See Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 667 (7th Cir. 2014) (allegations of simple legal or factual errors do not warrant, much less require, reconsideration).

Moreover, to the extent Petitioner complains that this Court and Magistrate Joseph did not address one or more issues raised in his petition, including his claim of actual innocence, *see* (Docket #24 at 1–2), this is because the district court cannot consider any issue raised in a second or successive habeas petition unless that petition is first authorized by the Court of Appeals. There is no way around that requirement. As the text of Section 2244(b) makes clear, even if a petitioner can overcome the second-or-successive bar through a claim of actual innocence, that claim must first be authorized by the Court of Appeals before the district court can consider it. 28 U.S.C. § 2244(c)(3)(A); *Gonzalez v. Crosby*, 545 U.S. 524, 529–30 (2005). Because Petitioner's arguments fall well short of "clearly establish[ing]" that reconsideration is warranted, *Romo*, 250 F.3d at 1122 n.3, the Court will deny his motion.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for reconsideration of the Court's April 16, 2018 order (Docket #24) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 26th day of April, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge